## HOLLAND, AS COLLECTOR, V. DAVIES.

1. PUBLIC SCHOOLS: *Notice of district school meeting.*
   A notice of the time and place for holding the annual district school meeting, given by two of the district school directors, is sufficient.

2. PLEADING: *Averments of belief.*
   A pleader's averment that he believes a fact is unissuable and immaterial. He should allege the fact in positive and direct terms and in an issuable form.

3. DISTRICT SCHOOL ELECTION: *Time for opening and closing the polls.*
   The provision of the statute fixing the time for closing the polls, is directory and not mandatory; and an election should not be set aside and its object defeated for want of strict compliance with the statute, where no obstruction or impediment to a fair expression of the will of the people is shown.

4. SAME: *Omissions and irregularities of school directors.*
   Neither the omission of the judges of a district school election, to state in their return to the county court the number of votes cast for and against the proposed school tax, nor their failure to submit to the people a specific report and estimate of the expenses of the school as the statute directs, nor the failure of the school meeting to determine how much longer than three months (if any) the school should be taught, will defeat the levy of the tax adopted by the meeting.

APPEAL from *Chicot* Circuit Court.

Hon. T. F. SORRELLS, Circuit Judge.

*U. M. Rose*, for appellant:

Objection to notice not valid. *Acts of* 1875, *p.* 77, *sec.* 69; *Hodgkin v. Fry*, 33 *Ark.*, 716.

Want of proclamation did not vitiate. *Hodgkin v. Fry, supra; The State v. Jones*, 19 *Ind.*, 356; *People v. Cowles*, 13 *N. Y.*, 351.

Nor closing of polls, without proof that some one was prevented thereby from voting. *People v. Cook*, 3 *N.Y.;* 4 *Seld.*, 92.

Failure to hold election at any other voting place, not ground of objection. The voters had the right to appoint judges. *Acts* 1874 and 1875, *p.* 94, *sec.* 5.

*D. H. Reynolds*, for appellee:

Notice of time and place of election essential. 33 *Ark.*, *p.* 719. The notice required by the sheriff is *additional* to that required by the directors (or trustee). 33 *Ark.*, *p.* 718. See *Law and Eq. Reporter, p.* 780. All must act (9 *Ark.*, 320), or join at least in the deliberation. *Dillon on Corp., sec.* 2214.

Estimates by one director only, and not in accordance with law otherwise. *Act of Dec.* 7, 1875, *sec.* 65.

Object of the requirements is to prevent burdensome taxation. 32 *Ark.*, *p.* 503. See *sec.* 56 of act above quoted. Polls can not close before sunset.

Judges did not report, as required, the number of votes cast. 33 *Ark.*, 721.

For these and other omissions the court could not levy the tax.

HARRISON, J. This was a suit in equity by Joseph Davies, in behalf of himself and the other taxpayers of school district No. 9, in the county of Chicot, against

Samuel H. Holland, the collector of taxes of said county, to enjoin the collection of the school tax of said district. The complaint, in substance, alleged: That the plaintiff was the owner of real estate in the district; that, at the annual school meeting of the district, on the sixteenth day of August, 1879, the electors voted a school tax of five mills on the dollar, upon the taxable property of the district, and a return was made of the vote by the judges of the election to the county court, and it had ordered the tax so voted to be levied and collected. That the notice of the meeting was given by two only of the directors, and the plaintiff was informed, and he believed, that no notice was given by the sheriff. That the polls of the election were closed two hours and a half before sunset, and that the return of the judges to the county court did not show the number of votes cast for and against the tax, or the number cast for each amount or rate of tax voted.

That the estimate of the expenses of the district for the year upon which the tax was voted, was submitted to the meeting by one of the directors only; that according to the estimate, the expenses of the schools for a term of three months would be $1,675, and for continuing them beyond such term, $720, but no deduction was made therein of moneys on hand, which, as shown by a report made to the meeting of the financial condition of the district, exceeded the sum of $500, or of the probable amount to be apportioned to the district for that school year; and it failed to state the amount of taxable property in the district. That no estimate was submitted of the expenses per month of continuing the schools beyond the term of three months, and the meeting did not determine how much longer than three months the schools should be taught. And for these reasons the levy of the tax was unauthorized by law and void; but that it had been extended upon the tax-book, which

was then in the hands of the defendant, and he was proceeding to collect the same.

Certified copies of the notice given by the directors, of the report of the proceedings of the meeting and of the estimate submitted to it, filed in the clerk's office, and of the poll-book and judges' return thereon, were filed as exhibits with the complaint.

A temporary injunction was granted when the suit was commenced.

The defendant demurred to the complaint as showing no cause of action. His demurrer was overruled and he thereupon answered it.

He said in his answer that although the estimate submitted to the meeting was signed by but one of the directors, it was, in fact, made out and submitted by all of them who were present and held the election. He further said that the report of the proceedings of the meeting showed that all the votes cast at the election were for the tax of five mills; and he filed a certified copy of the ballots as an exhibit with his answer. And he claimed that the law had been substantially complied with, and the tax lawfully levied.

The plaintiff demurred to the answer as showing no defense to the complaint. The court sustained the demurrer and decreed that the temporary injunction granted at the commencement of the suit be made perpetual.

The requirement of the statute that notice shall be given by the directors of the time and place of holding the annual meeting was complied with. The notice by two of them was sufficient. "An authority conferred upon three or more persons may be exercised by a majority of them; and a majority of three or more persons may do any act directed to be performed by them." *Section 5647 Gantt's Digest.*

29—36

Holland, as Collector, v. Davies.

2. PLEADING
Averment
of belief,
insufficient

Whether the notice by the sheriff, though required by the statute, was also necessary to the legality of the proceedings of the meeting, we need not inquire—the complaint averring merely the belief of the plaintiff, that it was not given. Such averment was not simply vague and uncertain, which might have been ordered to be made specific and certain upon the motion of the defendant, but it was unissuable and immaterial. A party may verify his pleading by an affidavit that he believes the statements in it to be true; but it is not sufficient for him to state his belief in regard to the facts necessary to his cause of action or his defense; they must be set forth in direct and positive terms, and in an issuable form. *Newm. Plead.*, *244*; *Mitchell v. Mattingby, 1 Met. (Ky.), 237*; *Patterson v. Caldwell, ib.*, *489*; *Garrett v. Finnell, 2 Bush., 166.*

3. DISTRICT
S C H O O L
ELECTION:
Time for
closing the
polls.

The provision of the statute fixing the time of closing the polls of an election is directory and not mandatory. Manifestly an election should not be set aside and the object for which it was held defeated, though the law has not been strictly complied with, where no obstruction or impediment to a fair expression of the will of the electors is shown. *The People v. Cook, 4 Seld., 67.*

It was not alleged that any elector was deprived of the privilege of voting by the closing of the polls before sunset.

4. ———:
Omissions
and irregu-
larities of
school di-
rectors.

Although the judges of the election failed to state specifically in their return the number of votes cast for and against the tax voted, and for each amount or rate voted for, the county court was advised and informed of the exact vote upon the tax by the report of the proceedings of the meeting, a copy of which was exhibited with the complaint, and by the poll-book and ballots returned, which showed that there were thirty-four votes cast for the tax and none against, and it had sufficient evidence before it that the tax

St. Louis, Iron Mountain and Southern Railway Company v. Vincent.

of five mills had been voted to authorize it to make the levy. Whilst it is important that the directions of the statute should be strictly followed, we think that neither the omission of the judges to state in their return the number of votes cast for and against the tax, nor the failure of the directors (it appears by the report of the meeting and the poll-book, they were all present), to submit to the meeting as complete and specific a report and estimates as the statute directs, nor the failure of the meeting to determine how much longer, if longer than three months, the schools should be taught, should have defeated the wise and beneficent provision the law has made for the education of the children of the district. If the substantial requisites of the vote appear, informalities and mere irregularities should be overlooked and disregarded. *Ut res magis valeat quam pereat. Cooley on Taxation, 249; People v. Eureka, etc., 48 Cal., 143.*

We are of the opinion that there was no equity in the complaint, and that the court erred in overruling the demurrer to it, and in enjoining the collection of the tax.

The decree is reversed.