KILGORE LUMBER COMPANY *v.* HALLEY.

Opinion delivered November 10, 1919.

1. PLEADING AND PRACTICE—DEMURRER.—If the facts stated in a complaint, together with every reasonable inference therefrom, constitute a cause of action, a demurrer thereto should be overruled.

2. SPECIFIC PERFORMANCE—SALE OF TIMBER—DEMURRER.—In an action for specific performance of contract for sale of timber, the complaint alleged that the parties had entered into a contract for the purchase and sale of certain timber on certain land for a stated sum, and that plaintiffs agreed to furnish an additional sum of money for the purpose of placing a mill on the said land; and that it was agreed that the defendant should secure the indebtedness due by him to the plaintiff by a mortgage on the mill and timber. *Held*, a demurrer to the complaint was improperly sustained.

3. CONTRACT—ORAL AGREEMENT—SUBSEQUENT WRITING.—Where the terms of a contract are agreed upon orally, the same become ef-

fective, although it is further agreed that the terms of the undertaking are to be embodied subsequently in a written instrument, and signed.

4. SALE OF TIMBER—STATUTE OF FRAUDS.—An oral contract for the sale of timber is taken out of the statute of frauds, where the seller furnished the buyer money with which to erect a mill, and where the buyer entered the land and did erect the mill with the said money.

Appeal from Cross Chancery Court; *A. L. Hutchins,* Chancellor; reversed.

*Killough, Lines & Killough,* for appellant.

The complaint states a cause of action and it was error to sustain the demurrer. 122 Ark. 508 and citations. Furthermore answer was filed; the demurrer was thereby abandoned and should not have been acted upon by the court.

*J. C. Brookfield,* for appellee.

No cause of action was stated in the complaint. The demurrer was not abandoned by filing an answer at the same time. Ample time was given plaintiff to show a cause of action in equity and upon the failure to do so the complaint was properly dismissed.

STATEMENT OF FACTS.

This is an action by J. D. Kilgore, doing business as the J. D. Kilgore Lumber Company, against J. W. Halley for the specific performance of a contract of sale for the merchantable timber on 600 acres of land. The body of the complaint is as follows:

"That plaintiff, J. D. Kilgore, is doing business under the firm name of J. D. Kilgore Lumber Company.

"That defendant J. W. Halley is indebted to the plaintiff in the sum of $2,874.45 with interest thereon.

"That plaintiff J. D. Kilgore Lumber Company on or about the 19th day of June, 1917, contracted to sell the defendant J. W. Halley, and defendant agreed to buy the merchantable timber on the following described land situated in Cross County, Arkansas, towit: (Here follows description of the land) containing in the aggregate

600 acres more or less. That the agreed price and consideration for the said contract to sell was the sum of $1,350, which sum is a part of the said debt hereinbefore mentioned.

"That the remainder of the debt hereinbefore mentioned was contracted for the purpose of placing thereon a mill on the said property and was to be secured by a mortgage on said mill and timber; that said mill is situated on section 4 hereinbefore mentioned.

"Plaintiff is informed that said Halley is about to sell said mill to one Jack Spencer of Fair Oaks, Arkansas, for the sum of $1,000, and that, if said sale has been already made, plaintiff alleges that it is a subterfuge for the purpose of avoiding the debt of the plaintiff, without consideration and void and fraud upon this plaintiff, and defendant refuses to perform said contract to buy said timber and to execute a mortgage on said mill and timber to secure the debt herein.

"Plaintiff further alleges that defendant Halley does not have sufficient funds in the State of Arkansas or any other place to pay his debts and that he is insolvent.

"Wherefore plaintiff J. D. Kilgore and J. D. Kilgore Lumber Company pray judgment against the defendant in the sum of $2,874.45, said money advanced by plaintiff, with interest thereon, that a writ attachment issue on said mill, or in case said mill has been sold a writ of garnishment issue against said Jack Spencer, and, in case said sale, if made, is held valid, said defendant Halley be enjoined from selling any notes he may have, covering deferred payments or otherwise transferring any evidence of indebtedness he may have from the said Jack Spencer, and that the said Jack Spencer be required to account for the said $1,000 or any other amount that may be due and owing from him to the said J. W. Halley, and that plaintiff be subrogated to all rights of said Halley therein if said contract can not be enforced and for all other proper relief."

The court sustained a demurrer to the complaint, and, the plaintiff electing to stand upon the demurrer,

his complaint was dismissed for want of equity. The plaintiff has duly appealed.

HART, J., (after stating the facts). (1-3) The court erred in sustaining a demurrer to the complaint. The rule is that if the facts stated in the complaint, together with every reasonable inference therefrom, constitute a cause of action, the demurrer should be overruled. *Cox v. Smith*, 93 Ark. 371, and *Sallee v. Bank of Corning*, 122 Ark. 502. In the application of this rule to the facts stated in the complaint it can not be said that no cause of action is stated. It is fairly inferable from the language of the complaint that the parties entered into a contract for the purchase and sale of the timber on 600 acres of land at a stated sum and that the plaintiff agreed to furnish an additional sum of money for the purpose of placing a mill on the timber lands. It was further agreed between the parties that the defendant should secure the indebtedness due by him to the plaintiff by a mortgage on the mill and timber. Where the terms of a contract are agreed upon orally the same become effective, although it is further agreed that the terms of the undertaking are to be embodied subsequently in a written instrument and signed. *Emerson v. Stevens Gro. Co.*, 95 Ark. 421; *Friedman v. Schleuter*, 105 Ark. 580; *Skeen v. Ellis*, 105 Ark. 513, and *Alexander-Amberg & Co. v. Hollis*, 115 Ark. 589.

(4) According to the allegations of the complaint, the plaintiff furnished the defendant an additional amount of money for the purpose of erecting a mill on the timber lands, and pursuant to the contract the defendant entered into possession of the lands and erected the mill thereon with the money furnished by the plaintiff. This constituted such performance of the contract as to take it out of the statute of frauds. *Moore v. Gordon*, 44 Ark. 334.

It follows that the court erred in sustaining a demurrer to the complaint and in dismissing the plaintiff's complaint for want of equity. For that error the decree will be reversed and the cause remanded for further proceedings according to the principles of law and equity and not inconsistent with this opinion.