SEBASTIAN COUNTY ROAD IMPROVEMENT DISTRICT *v.* HOCOTT.

Opinion delivered December 22, 1919.

1. HIGHWAYS—REDUCTION OF ASSESSMENT FOR PRIOR IMPROVEMENT.—Acts 1919, page 539, volume 1, of Road Acts, creating the Sebastian County Road Improvement District, is not void as to section 35, providing in effect that where an improvement already made is found to be available as part of the contemplated improvement, the benefits to be derived therefrom are to be deducted from the assessment of the lands which paid for the prior improvements.

2. APPEAL AND ERROR—MOOT QUESTION.—Whether the decree appealed from erred in restraining the sale of bonds, borrowing of money and construction of improvements within thirty days need not be decided where the thirty days have already expired.

3. EVIDENCE—JUDICIAL NOTICE.—The courts take judicial notice of the location of sections of land in their relation to each other.

4. CONSTITUTIONAL LAW — DEMONSTRABLE MISTAKE IN STATUTE.—Where the Legislature undertakes to determine what lands will be benefited by a road improvement, the Supreme Court will declare the statute void only in case of a demonstrable mistake.

5. HIGHWAYS—CLOSENESS OF LAND TO ROAD.—The fact that certain lands omitted from the legislative assessment of benefits are as close as lands included does not on its face show discrimination.

6. HIGHWAYS—JURISDICTION OVER ROADS IN ADJOINING STATE.—Road Acts 1919, volume 1, page 539, creating Sebastian County Road Improvement District, is not subject to the objection that it attempts to confer extraterritorial jurisdiction on the commissioners to construct a road running through the State of Oklahoma.

7. HIGHWAYS—ALLEGATIONS OF FRAUD—SUFFICIENCY.—A complaint against the county judge and the commissioners of a road improvement district which alleges that the county judge prepared

the statute which created the district and seeks his private profit in carrying out the project, and that he recommended a certain engineer for the district at a fixed salary, when the service could have been secured for a less sum, on the assurance that the engineer could by influence secure a larger sum from the highway department for the construction of the road, is not a sufficient allegation of fraud or collusion.

8.´ PLEADING—ALLEGATION ON BELIEF.—A charge can be made upon information and belief if the facts are alleged in the complaint to be true; but a mere statement in the complaint that information has been received concerning matters set forth is not sufficient to constitute a charge that the facts themselves exist.

Appeal from Sebastian Chancery Court, Greenwood District; *J. V. Bourland,* Chancellor; reversed in part.

*Daily & Woods* and *Holland & Holland,* for appellants.

1. The court erred in sustaining the demurrer to the amended complaint and dismissing the complaint and afterwards enjoining defendants from borrowing money or selling bonds. No allegation of the complaint warranted this. The court was only called on to determine the validity of the act. 106 Ark. 39.

2. The act here in question is almost a literal copy of Act 265, Acts 1917, construed in 130 Ark. 507.

3. The decree provides for the appointment by the chancellor in vacation of a visitorial committee with power to inspect, examine and report on the acts of the commissioners and other officers. The Legislature has not authorized such a committee, and the court had no power to appoint such a committee. or authorize it to sell bonds or borrow money.

4. The district was created by the Legislature, and the lands included and excluded were determined by it, and it is admitted by plaintiffs that the lands were benefited. 81 Ark. 208; 125 *Id.* 330; 213 S. W. 755. This last case is decisive of this. 213 S. W. 768.

5. The allegation that eleven sections of land are excluded from the district was not arbitrary nor unjust, and hence not void. The allegation is a mere bold assertion by counsel and is not sustained by any proof.

6. All the points named in the act are within the district and will be benefited. No part of Oklahoma is traversed by the road and the order is not void. 126 Ark. 322; 213 S. W. 768; *Ib.* 762; 133 Ark. 389.

7. Section 31 does not render the act void. Const., art. 22, § 2; 213 S. W. 755.

*R. W. McFarlane* and *George W. Johnson,* for Solesbee *et al.; T. A. Pettigrew* and *G. W. Johnson,* for Hocott *et al.*

The allegations of the complaint are admitted by the demurrer. 70 Ark. 568. No motion to make more definite and certain was made. 49 Ark. 277; 52 *Id.* 378; 75 *Id.* 64; 94 *Id.* 433.

Under these decisions the complaint stated a cause of action. Extravagance in expenditures were charged and proven. 54 Ark. 650; 128 *Id.* 122; 114 *Id.* 290; 101 U. S. 601. The allegations of fraud and collusion are clear and specific. 128 Ark. 122; 49 *Id.* 277.

Courts of equity have power to appoint a visitorial committee. The order here was made on the court's own motion and we need not defend it, but it was proper. 7 A. & E. Enc. Law 857.

It is the duty of the court to declare an act void which is arbitrary and burdensome on its face. The act violates the rule as to uniformity and equality. 130 Ark. 70; 83 *Id.* 74; 48 *Id.* 370; 34 *Id.* 224-7. See also as to sufficiency of the allegations of the complaint, 83 Ark. 54; 96 *Id.* 163. The decision in 89 Ark. 513 should be reconsidered, and the court return to its previous decisions. 213 S. W. 768. The two roads are independent, and the district should not be extended to include territory in no wise affected by *all the improvements.* 89 Ark. 513; 118 *Id.* 294. Section 31 of the act authorizes contributions by the county court from the general revenue of the county, which violates section 11, article 16, Constitution, as Sebastian County is divided into two districts which are really

two counties, separate and distinct. This section is void on cross-appeal.

McCULLOCH, C. J. This appeal involves the decisions of the chancery court of Sebastian County, Greenwood District, in two separate cases instituted by owners of real property against the Sebastian County Road Improvement District and the directors thereof, which cases were consolidated by the chancery court and tried together.

In the case in which Hocott and others were plaintiffs, the attack is on the validity of the statute which created the improvement district, and in the other case the attack is on the proceedings by the commissioners pursuant to the statute. In the first case the chancery court overruled a demurrer to one of the paragraphs of the complaint concerning the validity of a certain section of the statute, and held that the section in question was void and unenforceable, but that it did not affect the validity of the statute as a whole. The court also restrained the commissioners of the district from proceeding, for a period of thirty days after approval of the assessments of benefits, to sell bonds or to borrow money and from proceeding with the construction of said improvement within said period. From this feature of the decree the improvement district prosecuted an appeal to this court, and the plaintiffs in the action prosecuted an appeal from the other rulings of the court in sustaining the demurrer to certain paragraphs of the complaint.

The questions involved will be discussed in the order in which they are presented in the briefs of counsel.

Sebastian County Road Improvement District was created by a special statute enacted by the General Assembly of 1919 (Act 193, session of 1919), which described the boundaries of the district and authorized the improvement of the following public road: "Beginning on Jenny Lind road where same intersects Dodson avenue in the city of Fort Smith, Arkansas, thence running in a southernly direction through South Fort Smith;

thence in an easterly direction through old Jenny Lind and Greenwood; thence in a southernly direction through Huntington and Mansfield; thence in a northernly direction through Midland, Hackett, Bonanza and into the city of Fort Smith, terminating at the juncture of Towson and Dodson avenues.''

The statute provides for assessments of benefits to be made by a board of assessors appointed by the commissioners, and on the filing of the assessment lists with the board of commissioners notice is to be given and an opportunity afforded property owners to be heard. The statute further provides that any property owner may, within thirty days after the hearing before the commissioners, file his complaint in the chancery court for relief against the assessments.

Section 35 of the statute reads as follows: ''If any part of the roads herein authorized and directed to be improved in said district, are [is] improved either by the county, or by any other agency, before the commissioners of this district find it necessary to proceed with the work of improvement, and such improvements are sufficient or available under the plan of improvement in this district as approved by the county court, it shall be the duty of the commissioners to credit the assessment of benefits against any of said land with such amounts as represent the amount that said benefits are reduced because of said improvements in any part of the said road made by other agencies than the district and accepted by the district as complying with their plans.''

The first question argued in the briefs is that relating to the decision of the court in holding that section 35 is void. We think the chancellor erred in so holding. A similar provision in another road law was upheld by this court in the case of *Bennett* v. *Johnson,* 130 Ark. 507. The effect of this provision in the statute is that where a portion of the contemplated improvement has been constructed through another agency and an improvement already made is found to be available as a part of the contemplated improvement as a whole, then the assessments

of benefits accruing from the prior separate improvement incorporated into the present improvement is to be deducted from the assessments of benefits accruing from the whole improvement, treating the existing improvement as a part of the whole. This does not operate as an exemption of any part of the property in the district from taxation. It merely presupposes that a prior separate improvement which is available to incorporate into the new improvement will necessarily augment the anticipated benefits to accrue from the whole improvement, and provides that, in assessing the benefits from the new improvement as a whole, the original benefits accruing from the prior improvement shall be deducted. It will be observed that it is not the cost of the original improvement which is to be deducted, but that the benefits which have accrued to the property from such prior improvement are to be deducted. The provision is one to prevent double taxation, rather than to exempt from taxation. It only relieves property from contribution to the new improvement as a whole, to the extent of benefits which accrued from the original improvement. It treats the old improvement, which had been a separate one, as a part of the new improvement, but allows credits on the new appraisal of benefits under the new scheme to the extent of the original benefits which accrued from the separate improvement. Under the scheme thus provided, the board of assessors appraise the benefits accruing to each tract, lot or parcel of land in the district from the contemplated improvement as a whole and then deduct from that appraisal of benefits on each tract, lot or parcel, the benefits which accrued from the separate original improvement, and this leaves as the new assessment the additional benefits which accrue from the new improvement into which the old improvement has been incorporated as a part.

It is not essential to the justice and equality of this scheme that the prior improvement should have been made by an agency which specially taxed the property owners for a local improvement. The result is the same,

even if the county or city had made the original improvement out of the general taxes for road purposes. It is not, in other words, the prior payment of special taxes which calls for the reduction of benefits, but it is the fact that another existing improvement augments the benefits of the new improvement into which it is incorporated and that, therefore, benefits to that extent should be reduced so as to obtain the net result of the actual benefits to accrue by reason of the new improvement. This provision applies, of course, only to property affected by the original improvement. Viewing the statute in that light, we reiterate our conclusion reached in the case of *Bennett* v. *Johnson, supra,* that it is valid.

As to the question of correctness of the decree in restraining the selling of bonds, borrowing money and construction of the improvement within thirty days after approval of assessments of benefits, it may be said that this question has become a moot one by reason of the expiration of that time, and it is unnecessary to consider it.

The decree will be reversed so far as it holds that section 35 of the statute is invalid.

The first point raised on the appeal of the plaintiffs is that the lands of appellant Hocott and certain others were not specially benefited, though in close proximity to the contemplated improvement, and that other lands of equal distance from the road were not included in the boundaries of the district. The allegations of the complaint are in this respect too vague and indefinite to constitute a charge of obvious discrimination. *Bush* v. *Delta Road Imp. Dist. of Lee County, ante,* p. 247. It is true the lands of the plaintiffs are described in the complaint, and other lands alleged to be equally distant from the road are also described, and decisions of this court are relied on in which we held that it was an obviously arbitrary and discriminatory statute which included lands distant from a road improvement and omitted intervening lands. *Heinemann* v. *Sweatt,* 130 Ark. 70; *Milwee* v. *Tribble,* 139 Ark. 574.

We take cognizance judicially of the location of the sections of land in their relation to each other, the boundaries of the district, and the road to be improved are specified in the statute, but this is not a case where outlying lands are included and where intervening lands are omitted, such as was the fact in the cases cited above. The Legislature, in defining the boundaries of the district, has necessarily made a determination as to what lands will and what will not be benefited, and it is only in case of demonstrable mistake that the court will declare a statute void. It does not necessarily follow that all lands equally distant from the road to be improved will be benefited, and the fact that some of the omitted lands are as close to the road as other lands which are included does not on the face of it show that there is discrimination. We are not at liberty to disregard a determination of the Legislature unless facts are shown which establish an obvious and demonstrable mistake in the findings of the lawmakers.

It was charged in the complaint, as one of the grounds for declaring the statute to be void, that a portion of the described public road runs through the State of Oklahoma and that the order of the county court changing the road is void. Proper authority is given to the county court to lay out the roads, and there is nothing in the argument that the statute attempts to confer extraterritorial jurisdiction on the commissioners to construct a road running through the State of Oklahoma. The road to be improved in this instance is what is called a loop, starting at Fort Smith, running through Jenny Lind and Greenwood, and thence back to Fort Smith through Huntington, Mansfield, Midland, Hackett and Bonanza. We think this attack on the statute is unfounded.

In the other case, Solesbee and other property owners make an attack on the proceedings of the commissioners of the district. There is an attempt on the part of the plaintiffs in that case to charge fraud and collusion between the commissioners and the county judge, and be-

tween the commissioners and the engineer elected by the commissioners. The language of the complaint is not, however, sufficient to constitute a cause of action, and the court properly sustained a demurrer.

In one of the paragraphs of the amended complaint it is charged that the couunty judge prepared the statute which was passed creating the district and "seeks his private profit" in the carrying out of the project, and that he "recommended the election of Hugh L. Carter as engineer for the road district at a salary of 5 per cent. of the construction cost of the road, when the service could have been secured at a cost not exceeding $250 per month, on the assurance that the said Hugh L. Carter could by 'influence' secure a larger sum from the State Highway Department for the construction of the road." This, of course, is not sufficient to constitute a charge of collusion and fraud on the part of the commissioners of the dis-. trict, it not being alleged that the commissioners entered into such agreement.

The original complaint contains the following paragraph: "That as these complainants are informed and believe that at said meeting held at the city of Fort Smith, Arkansas, on the 14th day of March, 1919, among other proceedings, Hugh L. Carter was elected as engineer for said road at a salary of five per centum of the cost of the construction of said improvement; that at said meeting it was proposed by members of said board to sell approximately $1,000,000 of bonds bearing six per cent. interest, to provide for the construction of said road at private sale; said sale to be made at once, without having been previously advertised and with but one bidder present. That said proposition, as these complainants are informed and believe, was favored by a majority of said board, but that, on objection being made, said sale was deferred. That, as the complainants are informed and believe, a meeting of said board has been called in the city of Fort Smith, Arkansas, for the 25th day of March, 1919, for the purpose of passing on said proposition to sell said bonds."

This paragraph is urged here as sufficient to charge a premature contract with an engineer for excessive commissions. We do not think that the charge is sufficient either to show a premature election or a contract on its face for an excessive compensation. The facts are not alleged to exist, but it is merely a statement that the plaintiffs have received information to that effect. A charge can be made upon information and belief if the facts are asserted to be true in the complaint, but a mere statement in the complaint that information has been received concerning matters set forth is not sufficient to constitute a charge that the facts themselves exist. 12 Standard Enc. of Proc., p. 899.

The decree in this case is, therefore, affirmed.

On the appeal of the Sebastian County Road Improvement District in the Hocott case, the decree of the chancery court is, for the error indicated above, reversed and the cause remanded with directions to sustain the demurrer to the paragraph of the complaint concerning the validity of section 35 of the statute.

It is so ordered.