BECKER PROVISION COMPANY *v.* PARKER HARDWARE COMPANY.

Opinion delivered December 20, 1920.

1. CONTRACTS—VERBAL CONTRACT.—Where the terms of an oral contract were fully agreed upon, and the contract became effective, it is immaterial that they subsequently agreed to reduce it to writing, if they did not do so.

2. FRAUDS, STATUTE OF—AGREEMENT TO PAY ANOTHER'S DEBT.—A parol promise to pay the debt of another is not within the statute of frauds when it arises from some new and original consideration of benefit or harm moving between the newly contracting parties, as where the promisee waived a right to a materialman's lien in consideration of the promisor agreeing to pay the amount of the claim.

3. CORPORATIONS — ULTRA VIRES CONTRACTS.—Where a corporation was authorized to buy, own, sell and lease real estate, its agreement to pay a debt of a contractor employed by it to paint a

building it was occupying to prevent a materialman from filing a lien was not *ultra vires.*

4. CORPORATIONS — ULTRA VIRES CONTRACTS — WHEN ENFORCED.— When an *ultra vires* contract entered into by a corporation has been fully performed by the other party, and the corporation has had the benefit thereof, the contract is binding on the corporation.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; affirmed.

*Richard M. Mann,* for appellant.

1. The verdict of the jury was contrary to the evidence, and appellant's requested peremptory instruction should have been given. The testimony shows that there was no oral understanding on any different terms than that disclosed by the correspondence; the lien was not waived on account of any oral understanding and the court properly instructed the jury in No. 4 that the agreement must be in writing. This was an exclusion of testimony of an oral understanding. Correspondence evidencing a meeting of minds does not constitute a contract. 166 S. W. 533; 112 Ark. 380. If we concede that the correspondence constituted a contract to guarantee the payment of any amount, it was only such an amount as could "be established against Harrison for material furnished on your job," or, in other words, for such an amount as could be proved a lien on the building. There is no proof that any of the material charged in the account of G. W. Harrison was delivered to or used in the work on the building. 84 Ark. 560; 105 S. W. 583. If there was any agreement, it was to guarantee the payment of a *valid* not a void *lien.* 222 S. W. 365.

Unless a valid claim was established against G. W. Harrison, appellant would not be liable. 126 Ark. 307. Appellant was a corporation, and has no authority to indorse paper or guaranty accounts except where some benefit accrues to the corporation; the waiver of a void lien is no benefit. 95 Ark. 368; 130 S. W. 162.

2. Appellant's motion to make G. W. Harrison defendant should have been sustained. The original contractor is a necessary party for the establishment of a mechanic's lien. 114 Ark. 464; 122 *Id.* 141.

3. The court erred in giving plaintiff's instruction No. 1, as (a) there was no testimony showing delivery at the premises; (b) mere proof of delivery of material without proof of the improvement by the use of material of a kind similar to that delivered would not authorize a verdict for plaintiff as directed in this instruction. It was in fact a peremptory instruction and should not have been given.

4. It was error to give plaintiff's instruction No. 2. It assumes as a fact that said material was used on the building and it is in conflict with appellant's instruction No. 4.

5. The court erred in modifying defendant's requested instructions 3½ and 5.

*Owens & Ehrman,* for appellees.

The verdict and judgment were correct. (1) There was a binding contract for appellees' forbearance, and (2) no material error was committed by the court. The promise was an original undertaking and in no sense a guaranty. 134 Ark. 543; 204 S. W. 418. There was a new and original consideration. 45 Ark. 67; 102 *Id.* 407. It was not within the statute of frauds, and was binding, though not in writing. 110 Ark. 325. A waiver of a legal right is sufficient consideration to support the promise of another. 106 Ark. 1; 151 S. W. 1001; 134 Ark. 543. See, also, 215 S. W. 653. The evidence clearly shows a promise, a definite sum in consideration of appellees' forbearance, and the instructions were most favorable to appellant, and the evidence fully sustains the verdict.

WOOD, J. Appellant employed one G. W. Harrison, a painting contractor, to do certain painting on its building where it conducted its business in the city of Little Rock. Harrison purchased the painting material from

the appellees, the bill amounting in the aggregate to $154.95. The last item of the account was furnished on June 17, 1918. The appellees contemplated filing a lien for the material furnished on the building occupied by appellant and through their attorney on the 7th of September, 1918, wrote the owner of the property to that effect. The owner on that day requested the appellees not to file the lien, stating that he would get behind it and see that it was paid. The lien was prepared to be filed and on the 12th day of September the president of appellant requested the attorney for the appellees, who had prepared the papers for filing the lien, not to file the same, saying that he would pay the account. After that conversation appellees' attorney advised appellees of what the president of appellant had said, and thereafter on the same day wrote appellant and in the letter referred to the conversation and requested appellant to write a letter stating that it would guaranty the payment of appellees' claim. In reply to this letter, on the 13th, appellant wrote stating it would pay its part of the bill and would try to make Harrison come over with the money as soon as possible, that is, when he got his receipts and accounts adjusted with the appellees. In reply to this letter, on the 14th of September, appellees' attorney wrote that it would be satisfactory if appellant would guaranty the payment of the Parker claim, or whatever amount thereof may be established against Harrison. Appellant's president also called up over the telephone and said that he was sorry that he had not been as explicit as he should have been; that what he meant to say was that Becker Provision Company would pay every dollar that was owing for material on the job. The president of appellant in this conversation requested the appellees' attorney to undertake to collect the money for appellees from the contractor, Harrison. As a result of the promise made by the appellant to appellees' attorney, appellees refrained from filing the lien. At the time this promise was made appellees had five days remain-

ing in which to file the lien. The attorney for the appellees had notified the president of appellant in a conversation with him that appellees had the right to file a lien on the property and that the time had not expired, and he (the president) had agreed to pay the account before the 18th of September.

On the 18th of September the appellees' attorney wrote the appellant, and, among other things, stated that he would be glad to assist appellant in any possible way in collecting from Harrison and concluded the letter by saying, "On the strength of your agreement guarantying our claim, which amounts to $151.50, I am advising my client not to file any lien, and I trust that it will be agreeable to get the matter closed up within a reasonable length of time." In answer to this letter the appellant, on September 19, wrote as follows: "Referring to your letter of September 18, I will be very glad if you would take the matter up with Mr. Harrison and Mr. Mick regarding the Parker account and see what you can do with it."

The president of the appellant testified that during the progress of the work by Harrison, he called up the appellees and inquired if it would be all right to pay Harrison the money due him, and appellees said it was all right. Witness then paid Harrison on June 15, 1918. He heard no more about it until September. Witness did not have any reason to believe that the appellees would make any claim against the appellant. Witness agreed with appellees' attorney that, if the lien was not filed, witness would pay the account to an extent. Witness did not think he ever told appellees' attorney that he would pay the account in any sense different from the letters. Witness only agreed to see that it was settled. Witness agreed to guaranty the account. He asked the appellees' attorney not to file any lien and stated to him that he would see that the account was settled. The articles of incorporation of the appellant showed that it was au-

thorized, among other things, "to buy, own, sell and lease real estate."

The appellee instituted this action in the municipal court at Little Rock against the appellant and alleged in its complaint that it had a materialman's lien upon the property occupied by the appellant, and that on the 12th of September, 1918, the appellant agreed that if appellees would not file the lien upon the property occupied by appellant they would pay appellees' claim; that appellees relied upon appellant's agreement to pay the account, and as a result of such agreement did not file their lien and was prevented from doing so by virtue of the agreement; that the agreement was an original undertaking upon the appellant's part and that by reason of the agreement appellees had waived their legal right to file a lien. Appellees prayed judgment for the sum of $151.50. Judgment was rendered in favor of the appellees, plaintiffs below, in the municipal court, and the cause was appealed to the circuit court. In the circuit court the appellant moved to dismiss on the ground that G. W. Harrison, who, on motion of the defendant below, appellant here, had been made a party defendant, had obtained a judgment in his favor dismissing the cause of action as to him, from which the plaintiffs below, appellees here, had not appealed; that if any debt was due the appellees it was due primarily from G. W. Harrison, and that, since the municipal court had rendered judgment in his favor, from which the appellees had not appealed, there could be no liability against the appellant. The court overruled the motion to dismiss.

Testimony was adduced which developed the facts substantially as above set forth. The cause was submitted to the jury upon instructions, which we deem it unnecessary to set forth. The jury returned a verdict in favor of the appellees, and the court rendered a judgment in their favor, from which is this appeal.

The undisputed testimony shows that before the correspondence between the appellant and the appellees, be-

ginning with the letter of September 12, 1918, and ending with the letter of September 19, 1918, an oral contract was entered into between the appellees and the appellant by which appellant agreed that if the appellees would not file the lien which their attorney had prepared and was intending to file on the building occupied by the appellant, the latter would pay the account for which the lien was claimed. The amount originally claimed by the appellees was $154.95. There was some controversy as to the correctness of this, and the amount finally agreed upon was $151.50, for which the verdict and judgment were rendered.

That this is the correct view of the case is clearly shown by the testimony of the attorney for the appellees, which is not disputed by the president of the appellant, with whom the contract was made. The attorney for the appellees testified that such was the contract, and the president of the appellant testified in answer to questions concerning this, as follows:

"Q. Well, the understanding was between you and myself that we would not file the lien?

"A. Yes, sir; that was our agreement.

"Q. And that you would pay the account?

"A. Yes, sir.

"Q. That was the understanding then?

"A. Yes, sir.

"Q. And you haven't understood it in any other way since that time, have you?

"A. No.

"Q. I will ask you if, at that time, if you recall definitely the amount of the account, $151.50?

"A. Yes, sir.

"Q. We perhaps took off for a brush; $151.50 was the amount we agreed on when you were in my office, was it not?

"A. Yes, sir; that is it."

The above testimony settles this controversy in favor of the appellees. The undisputed testimony shows that

the appellant was claiming an account of $154.95 against Harrison, the contractor, and the right to file a lien on the building occupied by appellant for such amount; that appellant objected to having the lien filed, and, in consideration of the forbearance or waiver upon the part of appellees of their right to file the lien, appellant agreed to pay the amount which was definitely fixed at $151.50. The time for filing the lien had not expired. The terms of the oral contract were thus agreed upon and became effective, and, even if it be conceded that such was the fact, it was immaterial that the parties afterward agreed to have the terms of the oral contract reduced to writing, which was never done. See *J. D. Kilgore Lumber Co.* v. *Halley,* 215 S. W. 653, 140 Ark. 448, and cases there cited.

In *Jonesboro Hardware Co.* v. *Western Tie & Timber Co.,* 134 Ark. 543-546, we held that "a parol promise to pay the debt of another is not within the statute of frauds when it arises from some new and original consideration of benefit or harm moving between the newly contracting parties." We also held that "a waiver of a legal right is a sufficient consideration to support a promise to pay the debt of another." The contract was not one of guaranty or suretyship but an original undertaking on the part of appellant. The contract to prevent a lien being filed on the property in which appellant had an interest, and which it occupied, was not *ultra vires.* But, if it were, appellant would be estopped from setting up such a defense because the appellees had performed the contract on their part, of which the appellant had received the benefit. *Richeson* v. *National Bank of Mena,* 96 Ark. 594.

The judgment is in all things correct, and it is therefore affirmed.