## ASHTON *v.* FERGUSON.

### Opinion delivered May 12, 1924.

1. STATES—ADDITIONAL ALLOWANCE TO LEGISLATORS.—Under Amendment No. 8, fixing the *per diem* of members of the Legislature and providing that they shall receive no other compensation, perquisite or allowance, a resolution of both houses of the Legislature providing for issuance as to each member of a warrant for $100 to pay for stamps, telephone, telegraph and other necessary expenses is unconstitutional and void.

2. CONSTITUTIONAL LAW—JUDICIAL QUESTIONS.—In the exercise of any power, legislative or otherwise, due regard must be had for constitutional restrictions, and whether the exercise of a power transcends the limits set by the Constitution is a judicial question.

Appeal from Pulaski Chancery Court; *E. B. Downie,* special chancellor; reversed.

*J. C. Marshall,* for appellants.

The resolutions must be declared void because the payment to the members of anything beyond the stated salary of $3 per day and mileage is prohibited by the Constitution, Amentment No. 8 thereof, which concludes with these words: "The terms of all members of the General Assembly shall begin on the day of their election, and they shall receive no compensation, perquisites or allowance whatever, except as herein provided." The word "allowance" has been given a construction by various courts which would exclude any allowance even of official expenses in addition to salary and mileage

of members, and the word "perquisites" as applied to members of the Legislature, who receive no fees, could, under the law, mean only that they are to receive nothing even in the way of legislative expense, beyond their per diem and mileage. 110 N. E. (Ill.) 130; *Id.* 884, 890; 50 A. R. 705; 98 N. Y. 585.

Even if our Constitution did not prohibit expenses of legislators, still none could be allowed unless there was a statute authorizing it. Here there is none, only the resolutions of the House and Senate. 1 Dillon on Municipal Corporations, 233; 68 L. R. A. 264. Certainly the House and Senate may provide out of its contingent fund for the expenses of each as a body, such as paper, ink, stamps, etc., art. 19, § 15, Const., but that is a very different proposition from an allowance to each member of a large sum in cash out of the contingent fund, to be spent as he pleases. C. & M. Digest, § 4959, providing that each house shall control its own expenses, etc., refers to the expense of each house as a body, and is no authority for the allowance of cash to its individual members. There is no appropriation for such an expenditure as that here attempted. The only appropriation made is that for *per diem*, mileage and contingent expenses, which refers only to the expenses of the body as such. Moreover, if this appropriation were made to be used as is sought to be done here, it would be for a private purpose, and void. Const., art. 16, § 12, and art. 5, § 29; 1 Cooley, Constitutional Lim., 181, 184, 185; 54 L. R. A. 242, 107 Fed. (C. C. A.) 827. This allowance would be void because it is an increase by them of their salaries before their term expires. 110 N. E. 141; Const., art. 5, § 16, and art. 19, § 11. The amount voted and allowed, more than three times the salary, is a disguise and a subterfuge on its face. The court must take notice of the fact that, if the people limit the members to $3 per day, an allowance of over three times that amount, under the guise of legislative expenses, must be a pretense, and nothing else. The claim that the court, if it looks behind this proposed allowance, would be inter-

fering with a coordinate department of the government, needs no answer. This court will strike down an unconstitutional act of any body or officer, whenever its unconstitutionality is made to appear. 141 Ark. 140; 76 Ark. 197, 210; 117 Ark. 352; 187 S. W. (Tex.) 367, 372.

*J. S. Utley,* Attorney General; *John L. Carter, Wm. T. Hammock, Darden Moose* and *J. S. Abercrombie,* Assistants, for appellees; *X. O. Pindall* and *Neill Bohlinger,* of counsel.

The power to determine the propriety of the payment in question is not a judicial, but a political, question. Whether the action complained of is wise or not cannot be inquired into by the courts. 72 Ark. 195; 94 Ark. 27; 112 Ark. 437; 114 Ark. 486. As distinguishing between legislative and judicial matters, and to show how jealously the prerogatives of the legislative branch of the government are protected against judicial invasion, see 88 Ark. 211; 89 Ark. 428; 25 Ark. 574; 54 Ark. 101; 97 Ark. 473; 103 Ark. 127; *Id.* 48; 109 Ark. 479; 141 Ark. 247; 147 Ark. 160. See also, Cooley on Constitutional Limitations, 7th edition, 187-196.

The power to function cannot be properly exercised unless each house is left free to determine what are its necessary expenses. It implies the power to use such means as are reasonably necessary to enable the body to function. (U. S.) 4 Wheat. 418-21. On the proposition that this is a political and legislative question, rather than judicial, see also 142 Tenn. 527; 201 Pa. 544, 1 L. R. A. (N. S.) 409. It appears that appellants would make it a subject of judicial inquiry as to whether the amount appropriated was proper. If the judiciary should undertake such an inquiry, where would it lead to, and where would it end? We think the correct principle is stated in the case of *Sharpless* v. *Philadelphia,* 59 Am. Dec. 675. See also 187 S. W. 367.

McCULLOCH, C. J. An extraordinary session of the General Assembly was convened on March 24, 1924, by proclamation of the Chief Executive, and the session lasted twelve days. On the fourth day of the session the

House of Representatives adopted a resolution directing the clerk to "issue to each member of this House of Representatives a voucher with which to pay expenses of stamps, telephone, telegraph and other necessary expenses, the sum of $100, and the Auditor of State is hereby directed and empowered to issue appropriate warrants covering said vouchers so issued, and the Treasurer of this State is hereby authorized to honor said warrants." On the last day of the session the Senate adopted a resolution directing the secretary to "issue warrants to each Senator for one hundred dollars, covering stamps, telegrams and other incidental expenses incurred while attending said Legislature."

Appellants are citizens and taxpayers of the State, and they instituted this action in the chancery court of Pulaski County against the Auditor and Treasurer to restrain them from issuing and paying warrants under the foregoing resolution. It is contended that each of the resolutions referred to is unconstitutional and void.

An amendment to the Constitution, adopted in the year 1913 and now in force, reads as follows:

"Article 5, § 17, amended. Each member of the General Assembly shall receive six dollars per day for his services during the first sixty days of any regular session of the General Assembly, and, if any regular session shall be extended, such members shall serve without further *per diem*. Each member of the General Assembly shall also receive ten cents per mile for each mile traveled in going to and returning from the seat of of government, over the most direct and practicable route. When convened in extraordinary session by the Governor, they shall each receive three dollars per day for their services during the first fifteen days, and, if such extraordinary session shall extend beyond fifteen days, they shall receive no further *per diem*. They shall be entitled to the same mileage for any extraordinary session as herein provided for regular sessions. The terms of all members of the General Assembly shall begin on the day of their election, and they shall receive no

compensation, perquisite or allowance whatever, except as herein provided.''

The *per diem* and mileage of the Senators and Representatives were paid out of the funds regularly appropriated to cover the expenses of the session, and it is plain that the allowances attempted to be made in these resolutions were to be in addition to the mileage and *per diem*. The contention of counsel for appellants is that this is no more nor less than an attempt, in violation of the Constitution, to make an additional allowance to the Senators and Representatives; and, on the other hand, it is contended by counsel for appellees that this is not an allowance or perquisite or additional compensation within the meaning of the Constitution, and is merely a provision by each of the houses of the General Assembly for the payment of the expenses of conducting the session.

There is a statute (Crawford & Moses' Digest, § 4959) which provides, in substance, that each of the two houses of the General Assembly shall control its own contingent expenses, and that the same shall be certified by the presiding officer. This statute merely declares that which is an essential power of each of the houses of the General Assembly in order to perform its functions, and it should be said, in advance of this discussion, that, if no more were involved than the exercise of this power, the determination of the case would be easy. Undoubtedly each of the houses possesses the power to determine its necessary expenses, but, in doing so, it must proceed within constitutional restrictions, and is not permitted to disregard express constitutional provisions. The Constitution provides, in explicit and comprehensive terms, what payments shall be made to members. The provision in this respect does not express merely a grant of power, but it places a limitation upon the power of the General Assembly. It provides, in other words, what may be paid to the members, and expressly forbids the payment of anything more. The restriction relates not merely to mileage and *per diem*, but it provides that the

members "shall receive no compensation, perquisite or allowance whatever, except as herein provided." These words mean more than mileage and *per diem*, and the use of them excludes the payment of anything else to members. Each of the resolutions referred to directly offends against this express limitation in the Constitution. The provision for the payment of one hundred dollars to each member is nothing more nor less than an allowance. It is an allowance for the use of each member for the purposes mentioned, but it is to be used at the will of the members to whom it is paid, and is, after all, a mere allowance, and not the payment of expenses incurred by the house itself.

Each house may provide conveniences, such as stationery, pencils, ink, telephone and telegraph and other things for the use of the members, and pay for the same out of contingent expenses, but it is quite another thing to attempt to make an allowance of funds to a member to be used at will. One is the payment of a legitimate expense, and the other is an allowance placed at the disposal of the members to be used at his own discretion and will. One is a payment of necessary expenses of the house itself, and the other is an allowance to the member in spite of the provision of the Constitution to the contrary. The question must be disposed of in an interpretation of the peculiar language of the Constitution, hence authorities directly bearing upon the question are not available. It may be said, however, that the decision of the Supreme Court of Illinois in the case of *Fergus* v. *Russell,* 270 Ill. 626, is very nearly in point. In that State there was a provision in the Constitution prohibiting the payment to members of any compensation in addition to the amount specified, and a provision that there should be "no other allowance or emolument, directly or indirectly, for any purpose whatever, except the sum of fifty dollars per session to each member, which shall be in full for postage, stationery, newspapers, and all other incidental expenses and perquisites." There was a joint resolution allowing to each member of the

House and Senate "his actual railroad mileage for twenty-one round-trips from the capital of the State to and from their respective homes, at the rate of two cents per mile." The Supreme Court of Illinois decided that the resolution providing for extra mileage offended against the provision of the Constitution, and was void. The court held that the payment of extra mileage was an attempt to make an "allowance" within the meaning of the Constitution.

Counsel for appellees rely on the decision of the Tennessee court in the case of *State* v. *Thomason,* 142 Tenn. 527. In Tennessee there is a provision of the Constitution fixing the *per diem* and mileage of members of the Legislature "as a compensation for their services," and the Legislature passed a bill authorizing the payment to each member of the sum of $150 "for stenographic work and other necessary expenses." It was contended that the allowance was in conflict with the Constitution and void, but, in disposing of the question, the Supreme Court held that the constitutional provision in question was a limitation relating solely to the matter of compensation, and not to expenses of the members, and that the Legislature was free to make allowances for expenses of the members themselves, as well as for the expenses of the House as a whole. The Constitution of that State contained no inhibition, as in this State, with reference to additional allowances to members other than those expressly provided for. We do not think that the Tennessee case has any bearing on the question now presented.

It is further argued by counsel for appellees that the question presented is a political one, and not judicial, but the answer to this contention is that, in the exercise of any power, legislative or otherwise, due regard must be had for constitutional restrictions, and it becomes a judicial question whether or not the limits set by the Constitution have been transcended.

Our conclusion is that these allowances are in plain violation of the Constitution, and the officers of the State

should be restrained from making disbursements thereunder.

The decree of the chancery court is. therefore reversed, and a decree will be entered here in accordance with the prayer of the complaint.