

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 15, 1949

Hon. Ray Kirkpatrick, Chairman
Committee on Contingent Expenses
House of Representatives
51st Legislature
Austin, Texas

Opinion No. V-772.

Re: Constitutionality of H. S. R.
No. 17 relative to payment
of a specific sum to mem-
bers as contingent expenses.

Dear Sir:

The Resolution mentioned in the above subject matter

is as follows:

### "HOUSE SIMPLE RESOLUTION

Providing for the payment of the contingent expenses
of the members of the House.

BE IT RESOLVED BY THE HOUSE OF REPRESENT-
ATIVES, that for the purpose of paying the contingent
expenses of the members of the House each member
of the House be allowed contingent expense funds in
the sum of Ten ($10.00) Dollars for each day, not ex-
ceeding 120, of the Regular Session of the 51st Legis-
lature; and, be it further

RESOLVED, that the said allowance for contin-
gent expenses shall be paid to the members weekly
by voucher and shall be chargeable to the Contingent
Expense Account of the House of Representatives.

With the funds so drawn and received, each
member shall purchase his own stamps, stationery,
books and usual items of supplies, except telephone

and telegraph expenses, and shall pay his other con-
tingent expenses. The Committee on Contingent Ex-
penses of the House shall provide rules and regula-
tions for carrying out the purposes of this Resolu-
tion. Supply items drawn by the members from the
House shall be charged to the member and paid for
by him out of the allowance herein provided."

In Opinion No. V-84 this office considered the validity
of a bill submitted by Hon. Claud Gilmer, Chairman, Committee on
Appropriations of the House of the 50th Legislature, Sec. 1 of which
we quote:

"There is hereby appropriated out of any funds
in the State Treasury not otherwise appropriated, the
sum of Three Hundred Thousand Dollars ($300,000.00)
or so much thereof as may be necessary, to pay inci-
dental expenses of the members of the Regular Session
of the 50th Legislature, such expenses not to exceed
Ten Dollars ($10.00) per day per member."

The opinion held that the bill was invalid for the want
of a preexisting law therefor under Article III, Section 44 of the Con-
stitution. The opinion further held that the bill was invalid as a gra-
tuity to the individual members as the claims were for personal busi-
ness of the respective members.

Many cases from other states are set out in Opinion
No. 0-3778 holding that the Texas Legislature could not constitu-
tionally vote its members $50 a month for stenographic and other
expense between sessions. Kansas, Oregon, and Washington cases
have invalidated appropriations of $5 per day to each member for
expenses. Griffith v. Turner, 233 Pac. 510; State v. Clausen, 253
Pac. 805; Jones v. Hoss, 285 Pac. 205. Similarly the Arkansas Su-
preme Court invalidated an appropriation of $100 per member for
expenses while attending an extraordinary session. Ashton v. Fer-
guson, 261 S.W. 624.

The latest case is that of Scroggie v. Bates, 48 S.E.2d
634 (July 1948) by the Supreme Court of South Carolina. There the
Legislature voted each member $700 "as official expenses in con-
nection with the 1947 session . . . and work between sessions . . ."
The court held that:

> "In providing that each member . . . shall be
> paid the same amount, that it be paid 'as official
> expenses in connection with the 1947 session' and
> 'work between sessions,' and finally in providing
> that the amount appropriated 'may be paid without
> the required itemization' . . . when considered to-
> gether, make the conclusion inevitable without the
> aid of extrinsic facts and circumstances that the
> real intent and purpose of the appropriation . . .
> was to increase the compensation and per diem of
> the members . . . in violation of the Constitution
> of this State, and the statute is therefore void."

In a letter opinion of March 12, 1947, addressed to Hon.
J. F. Ward, Chairman, Contingent Expense Committee, House of
Representatives, Austin, in answering a similar question it was said:
"The Contingent Expense Fund allotment is, of course, made for the
purpose of meeting those comparatively small items of expense in
connection with the sitting of the Legislature which are not foresee-
able in kind or quantity, and properly so, in recognition of the funda-
mental policy that the Legislature must carry on in the discharge of
its duties. In the nature of things, the allotment may not be resorted
to except for those items of expenses that have a legitimate and real
relevancy to the official service being performed. In other words,
it means that the compensation or payment whatsoever must be for
something for a public purpose rather than for the personal interest
of the person paid whether he be an employee or Representative."

The language quoted indicated the real purpose of a con-
tingent expense appropriation. This office adheres to the holdings
above cited, and the principles therein involved. It is well known
that $10.00 per day is not adequate compensation for members of the
Legislature, and the per diem should be increased. But to be valid
it must be done by constitutional amendment rather than by a statu-
tory expense allowance.

## SUMMARY

The Legislature may not constitutionally in-
crease its per diem by directing the payment to

each of its members the lump sum of $10.00 per day for expenses during its regular session.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By          *Ocie Speer*

Ocie Speer
Assistant

OS:wb:erc

APPROVED:

*Price Daniel*

ATTORNEY GENERAL