STATE EX REL. BAILEY *v.* TAYLOR.

4-3432

Opinion delivered May 21, 1934.

*Carl E. Bailey* and *Lawrence C. Auten,* for appellant.
*Coleman & Riddick,* for appellee.

BUTLER, J. The State, on relation of the prosecuting attorney of the sixth judicial circuit, brought this action against Walter E. Taylor as disbursing agent for the State Banking Department, and the Massachusetts Bonding & Insurance Company as surety on the bond of Walter E. Taylor as such disbursing agent. Both Walter E. Taylor and the defendant surety company filed their several and separate demurrers, that of Walter E. Taylor being overruled, and that of the defendant surety company sustained. The plaintiff elected to stand on its complaint, and a decree was entered dismissing the same, from which this appeal is prosecuted.

The complaint alleged that Taylor was the disbursing agent of the State Banking Department, and, as such, executed a bond with the Massachusetts Bonding & Insurance Company as surety; that among the duties of the Bank Commissioner was the supervision of building and loan associations; that the salary of the Bank Commissioner under act No. 46 of the Acts of 1927 was fixed at $5,000 per year, and that by act No. 128 of 1929 an additional salary of $1,000 per annum was allowed him for the additional duties entailed in supervising building and loan associations; that the General Assembly for

each of the years 1929 and 1931 appropriated the sum of $5,000 per annum to pay the annual salary of the Bank Commissioner and an additional salary for said Bank Commissioner in the sum of $1,000 for each of said years as provided by act No. 128 of 1929 aforesaid; that the bond executed provided for the payment by Taylor as principal and the surety company of $5,000 upon the following conditions: "The conditions of the above bond is such that if the said Walter E. Taylor, as such disbursing agent, or any one he may designate to act for him, shall well, truly and faithfully disburse appropriations of said office according to laws governing same and especially act 781 of the 1923 General Assembly. At the expiration of his term of office he shall render unto his successor in office a correct account of all sums of money, books, goods, valuables and other property which shall be in his possession as such disbursing agent of said office. And shall further pay and deliver to his successor in office, or any other person authorized to receive same, all balances, sums of money, books, goods, valuables and other property, which shall be in his possession and due by him, then the above obligation shall be null and void; else the same to remain in full force and virtue."

The complaint further alleged that the Bank Commissioner, as disbursing agent, procured warrants on vouchers issued by him for the salary of $5,000 per annum as Bank Commissioner and also for the $1,000 per annum additional salary for his services in relation to building and loan associations; that the amounts so drawn on the last-named salary from and after the execution of the bond amounted to $2,125; that the disbursement of said sum to the said Taylor was unauthorized and unlawful because the act granting additional salary was in violation of § 23 of art. 19 of the Constitution and therefore void.

The statute under which the aforesaid bond was required and given is act No. 781 of the Acts of 1923. Section 3 of said act provides: "Each disbursing agent shall be required to give bond in such a manner as shall be deemed necessary by the Auditor of State, and said bond shall be protection to the State or any of its creditors in

case of losses sustained by reason of the acts of said person." And § 4 of said act provides that: "Any such person (disbursing agent) incurring an obligation which cannot be paid because of no appropriation or the lack of sufficient appropriation shall be liable on his bond as hereinbefore m e n t i o n e d for the amount of such obligation."

It is the contention of the appellant that, when these sections are read into the bond, it would cover the alleged unlawful payment of additional compensation by the disbursing agent to any employee of his department, and especially where the employee and disbursing agent are one and the same. The surety in this case was a corporation conducting its business of writing fidelity bonds for a profit, and, as it is such, it is insisted that the rule *strictissimi juris* has no application, but that its contracts of surety will be construed most strongly against it and in favor of the indemnity which the surety has reasonable grounds to expect, and that, where the bond is open to two constructions, one of which will support, and the other defeat, the surety's liability, that which will support liability will be adopted. There can be no doubt of the correctness of this rule, but, when the allegation of the complaint and the provisions of the bond are considered, it appears that in any view of the case there was no violation of the conditions of the bond, or the insurance company liable for any indemnity which it had reasonable grounds to expect from the language of the act and bond. It appears that the Legislature regularly passed acts appropriating the money which the disbursing agent disbursed to himself which is sought to be recovered in this action. The obligation which the surety undertook was to indemnify the State where money was disbursed for which there had been no appropriation or a lack of appropriation and the losses referred to in § 3, *supra,* necessarily relate to those incurred by reason of the unlawful acts of the disbursing agent in incurring an obligation where no sufficient appropriation was made therefor.

The Legislature in 1923 passed the act requiring the bond and stating its conditions. Afterwards, by act No.

128 of the Acts of 1929, it authorized the expenditures which are complained of here. The funds were disbursed by the disbursing agent in accordance with the appropriations made by the Legislature, and this is all that the insurance company, by its bond, undertook that he should do.

It follows that the trial court correctly sustained the demurrer of the Massachusetts Bonding & Insurance Company, and its judgment is hereby affirmed.

JOHNSON, C. J., (dissenting). The majority opinion presents the anomalous situation of the principal being held liable for unlawful and unauthorized acts during the paid life of his surety bond and his paid surety being determined not liable for the same expenditures.

Taylor, who was held liable by the trial court, was the duly qualified and acting Bank Commissioner of this State, and as such executed a bond which was signed by appellee surety company in the principal sum of $5,000, conditioned that Taylor "shall well, truly and faithfully disburse appropriations of said office according to laws governing same, etc." Apparently, Taylor unlawfully withdrew, as salary, the aggregate sum of $2,125 during the life of appellee's suretyship; therefore should be held liable therefor.

The majority holding is anomalous in that it holds that the act of the Legislature appropriating $1,000 per annum as extra salary to Taylor as supervisor of building and loan associations is void, when applied to Taylor, being prohibited by § 23, article 19, of the Constitution of 1874 as follows:

"No officer of this State, nor of any county, city or town, shall receive, directly or indirectly, for salary, fees and perquisites more than five thousand dollars net profits per annum in par funds, and any and all sums in excess of this amount shall be paid into the State, county, city or town treasury as shall hereafter be directed by appropriate legislation;" and yet it determines that the surety is not liable because of the protection of said appropriation act. Just how or why an act of the Legislature may be unconstitutional and void as to one person

and valid and binding as to others, is not pointed out in the opinion. My conception of the law is that an act of the Legislature which is determined to be unconstitutional and void is so even when applied to a paid surety company. Apparently Taylor cannot deny his liability for the withdrawals because the appropriation act awarding it is unconstitutional and void; he is in the same position he would have been had there been no appropriation act. *A fortiori* the surety company is likewise liable because the appropriation act is unconstitutional and void and can not be pleaded in defense or as lawful authority for such acts or in justification of such unlawful disbursements.

The crux of the majority opinion seems to be that, since § 4 of act 781 of 1923 provides for liability against the surety only when "no appropriation," has been made by the Legislature; that, when such appropriation is made, even though unconstitutional and void, it is full protection to the paid surety. No authority is cited in support of the holding thus stated. The majority overlooked the fact that there has been no valid appropriation in this case; therefore "no appropriation." The Legislature of this State is without power or authority to make such appropriation because in conflict with the constitutional provision heretofore quoted. The status is just this: This money was disbursed by and to Taylor without a valid appropriation authorizing it. Therefore, there is "no appropriation" in the eyes of the law. It is an elementary principle of law that ignorance thereof excuses no man, and I know of no authority to the contrary. Until now, it has had full application by this court. It ought to be now said that ignorance of the law excuses no man or corporation. Under this view the Surety Company knew these disbursements were being made by and to Taylor without valid appropriation therefor. It is almost the universal rule that an unconstitutional statute is no law and is wholly void. *Cohn* v. *Virginia*, 6 Wheat. 264. And that in legal contemplation it as ineffectual as if it had never been passed. *Louisiana* v. *Pillsbury*, 105 U. S. 78. And such unconstitutional statute affords no protection to any one. *Huntington* v.

*Worthen,* 120 U. S. 97, 7 S. Ct. 469. And no courts are bound to enforce it. *United States* v. *Realty Co.,* 163 U. S. 427, 16 S. Ct. 1120. For authority generally on the subject, see 6 R. C. L., page 117.

In conformity to the law, this case should be reversed and remanded.

I am authorized to say Mr. Justice HUMPHREYS agrees with the views here expressed.