## WHITE *v.* WILLIAMS.

### 4-3972

Opinion delivered January 20, 1936.

*Griffin Smith,* for appellant.
*J. F. Loughborough,* for appellee.

JOHNSON, C. J.   This is a continuation of the litigation reported in 187 Ark. 113, 59 S. W. (2d) 23.  We there reversed and remanded the cause with directions to overrule the demurrer to the complaint which had been previously sustained by the lower court, and for further proceedings.  The suit was originally instituted by a taxpayer against the sheriff and collector of Pulaski County

to require him as such official to pay into the proper depository all fees and emoluments of his office during the years 1931 and 1932 in excess of the constitutional salary of $5,000 per year. Upon trial the chancery court determined from all the testimony adduced that the complaint was without substantial merit and dismissed it for want of equity, from which order this appeal comes. Under repeated opinions of this court we determine equity cases *de novo* upon the record made in the court below (*Gravette Construction Co.* v. *Gregory*, 184 Ark. 1193, 42 S. W. (2d) 987; *Hangen* v. *Brewer*, 185 Ark. 1188, 47 S. W. (2d) 789), but reverse only those cases where the chancellor has found or decreed contrary to a preponderance of the testimony (*Harlan* v. *Edwards*, 182 Ark. 1185, 31 S. W. (2d) 127; *Jackson* v. *Banks*, 182 Ark. 1185, 33 S. W. (2d) 40), and it is also fundamental that the burden of proof rests upon the party litigant who makes an affirmative allegation (*Johnson* v. *Mitchell*, 164 Ark. 1, 260 S. W. 710; *James* v. *Orrell*, 68 Ark. 284, 57 S. W. 931).

With these cardinal principles in mind we proceed to an analysis of the testimony. A witness, Mr. Durden, in behalf of appellant, taxpayer, testified in effect that he was an accountant in the State Comptroller's employ, and as such made an investigation of and stated the account between appellee, sheriff and collector and Pulaski County on the jail receipts and expenditures for the years 1931 and 1932; that from such investigation he found that appellee was due Pulaski County, $27,008.22. This witness further testified that the items allowed by him in his report as expenses for keeping the jail were largely speculative because appellee had kept no books or record from which the actual expenses incurred might be ascertained; but that his allowances for expenses were in line with those incurred by appellee's predecessor in office and also in line with appellee's reported expenses during his first months in office. Appellee testified that he kept no record of the expenditures for jail expenses subsequent to February, 1931, because directed not to do so by Mr. Reed the then State Comptroller whose opinion was based and grounded upon act 81 of 1931, but that

he did know that he made no net profit out of his jail account for either the year 1931 or 1932. Appellee's testimony was corroborated by that of a major in the United States Army who was detailed as quartermaster of the C. M. T. C. at Camp Pike in 1931. This testimony, although treated by us in the most general way, shows that the chancellor's decision rests upon sharply conflicting testimony, and we are not willing to hold that his finding of fact is against the preponderance of the testimony. Appellant's primary insistence seems to be, that since § 4636 *et seq.* of Crawford & Moses' Digest peremptorily direct certain officials to keep record books of fees and emoluments of their office received, a neglect of this duty by such official renders him liable, irrespective of his good faith in the premises. We cannot subscribe to this doctrine. Act 81 of 1931 was a legislative ascertainment that the actual cost of keeping and feeding prisoners in the Pulaski County jail was 85 cents per day per prisoner, and this is true, even though this court subsequently determined that said act was unconstitutional and void; and this is true, even though no affirmative rights could be predicated thereon. A compliance with said act by appellee and his reliance thereon are circumstances tending to show his good faith in the transactions; and, when we consider that the State Comptroller directed compliance with said act, treating it as valid, it certainly negatives any deliberate intent on appellee's part to ignore other statutory directions (*Bailey* v. *Taylor*, 189 Ark. 313, 71 S. W. (2d) 470), and moreover did not relieve appellant of the burden of establishing the allegations contained in his complaint.

Appellant also complains that time was not afforded him by the trial court to investigate and examine certain exhibits filed by appellee in the course of the trial. The conduct of litigation is lodged in the sound discretion of the trial court, and we do not reverse except for an abuse of this discretion. *Collins* v. *Korotopshy*, 36 Ark. 316; *M. V. Railroad Co.* v. *Hamilton*, 84 Ark. 81, 104 S. W. 540. We are not willing to say that this assignment presents reversible error.

The decree is in all things affirmed.