BERRY v. GORDON.

5-3045

Supplemental Opinion on Rehearing Delivered
March 23, 1964.

*Macon & Moorhead, Garner, Shaw & Kimbrough,* for appellant.

*Catlett & Henderson, Bruce Bennett,* Attorney General, *Mehaffy, Smith, Williams, Friday & Bowen,* By *Wm. J. Smith* and *George E. Pike, Jr.,* for appellee.

BOYD TACKETT, Special Justice. In a petition for rehearing the appellant insists that we were in error in holding that the provisions of Act 399 are severable to such an extent that Sections 1 and 2 can stand even though Section 3 is held to be unconstitutional. In the brief submitted in support of the petition for rehearing much stress is laid upon the fact that Act 399 does not have a separability clause. Hence, it is suggested, the entire act must fall.

We adhere to our original opinion. It goes almost without saying that there has never been any requirement that an act must have a separability clause before an invalid section can be found to be separable from the

rest of the act. In fact, the law has always been just the other way. "The separability clause is a comparatively modern legislative device, the courts having separated statutes long before its innovation." Sutherland, Statutory Construction (3d Ed.), § 2408. "If the part which remains after the defective portion is severed is capable of carrying out the purpose of the legislature, the courts will have little difficulty in finding the legislative intent to make separable, even if no separability clause has been included." Anderson, Drafting a Legislative Act in Arkansas, 2 Ark. L. Rev. 382, 399. Both before and since the use of the severability clause became commonplace we have frequently held statutes to be separable even though no such provision was embodied in the act. Among our many cases to this effect are *State* v. *Marsh,* 37 Ark. 356; *Cotham* v. *Coffman,* 111 Ark. 108, 163 S. W. 1183; *State ex rel. Norwood* v. *N. Y. Life Ins. Co.,* 119 Ark. 314, 171 S. W. 871, 173 S. W. 1099; *Greer* v. *City of Texarkana,* 201 Ark. 1041, 147 S. W. 2d 1004. We are aware of no decision to the contrary.

Section 1 of Act 399 declared the legislative purpose to reimburse designated state officers for their public relations expense. Section 2 of the act made the necessary appropriation to carry the law into effect. These two sections, standing together, constitute a complete and workable law. The vice in Section 3 was that it would have permitted the funds to be paid out even though the expense had not actually been incurred; so it was in substance a salary increase going beyond the limits set by the constitution. Section 3 is clearly severable, for there is no sound reason to think that the General Assembly would not have wanted to reimburse these officers for expenses actually incurred even if it had realized that an appropriation in the nature of a salary increase could not be sustained.

A second contention is that we were mistaken in holding that the opinion of the Attorney General relieved the officers in question from the duty to account for the funds they had received. Counsel point out that in the cases that were cited in our first opinion the fact that

the Attorney General had approved an unauthorized expenditure of public money was held to protect the disbursing officer from having to repay the funds. In none of the cases did the court hold that the Attorney General's opinion was also a protection to the person who received the irregular outlay.

Even if counsel are correct in their position there is still an unassailable reason why the appellant cannot prevail upon this point. In a suit to compel a public officer to account for funds alleged to have been wrongfully received the plaintiff has the burden of proof. *White* v. *Williams,* 192 Ark. 41, 89 S. W. 2d 927. Here the plaintiff offered no proof upon this issue, electing instead to move for a summary judgment. The chancellor took occasion to observe in his written opinion that the plaintiff ''declines to present any evidence whatever that the amounts paid to the defendants are not actual official expenses incurred by them.''

In our original opinion we stated unequivocally that ''the officials are not entitled to reimbursement of expenditures not expended.'' The clear implication of that statement is that upon a proper showing by the plaintiff there might be a recovery of funds to which the recipient was not entitled. At the trial the appellant had the opportunity to prove that the appellees had received public money in excess of their actual public relations expense. The appellant chose not to take advantage of the opportunity that was presented. He is therefore not in a position to insist that he be given a second chance to prove his case.

The appellant also suggests that Act 399 is a special act of the type forbidden by Amendment 14 to the state constitution. We could answer this contention by pointing out that it is raised for the first time on rehearing and is thus not properly before us. *Midland Valley R. Co.* v. *Lemoyne,* 104 Ark. 327, 148 S. W. 654; *Bost* v. *Masters,* 235 Ark. 393, 361 S. W. 2d 272. Nevertheless, inasmuch as the matter is one of public interest, we have thought it best to consider this contention upon its merits.

An act is special when it arbitrarily separates some person, place, or thing from those others upon which, but for the separation, it would operate. *Webb* v. *Adams,* 180 Ark. 713, 23 S. W. 2d 617. In other words, classification is permissible if it bears a reasonable relation to the purpose of the statute. *Jacks* v. *State,* 219 Ark. 392, 242 S. W. 2d 704. Needless to say, it is not our place to pass upon the wisdom of legislation.

We are not prepared to say that the classification in Act 399 is demonstrably arbitrary. The General Assembly expressly found that inadequate salaries were being paid to the Speaker of the House, the President of the Senate (the Lieutenant Governor), and to the constitutional officers in the executive branch, omitting only the Governor. Had these officers been state employees the legislature could have met the difficulty by increasing their salaries. But that course was not open with respect to these elected officers, for the constitution places a ceiling upon their salaries. In this situation it cannot fairly be said that the legislature was unreasonable and arbitrary in its decision to provide reimbursement for expenses actually incurred.

The appellant insists that the omission of the Governor from the benefits of the act makes the classification discriminatory. A complete answer to this contention is that the General Assembly also adopted Act 369 of 1961, which appropriated funds for the maintenance and operation of the Governor's mansion. Inasmuch as this appropriation may be regarded as an adequate provision for the chief executive's public relations expense, there was a sound reason for his being omitted from Act 399.

The petition for rehearing is denied.

(Original opinion delivered January 20, 1964, p. 548.)