The Honorable Ed Wilkinson State Representative P.O. Box 610 Greenwood, Arkansas 72936
Dear Representative Wilkinson:
This opinion is being issued in response to your recent question regarding the application of the "rollback provision" of Amendment 59 of the Arkansas Constitution.
The scenario that gave rise to your question was a two-year reappraisal that took place in Franklin County as a result of an unacceptable ratio level. Only half of the county was reappraised in 1995. The properties that had been reappraised were taxed on the basis of the newly appraised values.[1] The resulting tax increases were in excess of 10% over taxes for the previous year. Nevertheless, the rollback provision of Amendment 59 was not invoked. The remainder of the properties in the county have now been reappraised. Franklin County would like to invoke the rollback provision now, and to apply the rollback to the entire county.
On the basis of that scenario, you have presented the following question:
 Can a county apply the rollback provision of Amendment 59 to the entire county, even though it failed to apply the rollback at the time of the completion of the first half of the reappraisal?
It is my opinion (assuming that the reappraisal was one that can trigger the rollback provision of Amendment 59, see A.C.A. § 26-26-401) that the county can (and must) apply the rollback provision of Amendment 59 to the entire county, even though it failed to apply the rollback at the time of the completion of the first half of the reappraisal.
As explained more fully below, my conclusion regarding this matter is based upon my determination that in instances where a reappraisal has been conducted under one of the circumstances that can trigger the rollback provision, and where the taxes calculated upon the basis of the reappraisal would result in a tax increase of 10% or more, the rollback and its intended steps toward equalization are mandatory.
Amendment 59 of the Arkansas Constitution (the pertinent part of which appears at Article 16, § 14 of the Arkansas Constitution) states in part:
 Whenever a countywide reappraisal or reassessment of property subject to ad valorem taxes made in accordance with procedures established by the General Assembly shall result in an increase in the aggregate value of taxable real and personal property in any taxing unit in this State of ten percent (10%) or more over the previous year the rate of city or town, county, school district, and community college district taxes levied against the taxable real and personal property of each such taxing unit shall, upon completion of such reappraisal or reassessment, be adjusted or rolled back, by the governing body of the taxing unit, for the year for which levied as provided below.
ARK. CONST., art 16, § 14(a) (emphasis added). This constitutional provision is implemented through the provisions of A.C.A. § 26-26-401 etseq., which contains language that is almost identical to that of Amendment 59. (This implementing legislation also explicitly states the circumstances under which the provisions of Amendment 59 (as codified in the statute) are to apply.)[2]
Both the language of Amendment 59 [Article 16, § 14] and the language of the implementing legislation (A.C.A. § 26-26-401 et seq.) are couched in mandatory terms, rather than in discretionary terms. That is, both make use of the term "shall." The Arkansas Supreme Court has held that the legislature's use of the term "shall," as opposed to "may," indicates a legislative intent that the statute be mandatory, rather than discretionary. See, e.g., Campbell v. State, 311 Ark. 641, 846 S.W.2d 639
(1993); Chrisco v. Sun Industries, 304 Ark. 227, 800 S.W.2d 717 (1990).
It is therefore my opinion that if the reappraisal in question is one that can trigger the rollback provision of Amendment 59, and if the taxes calculated upon the basis of the reappraisal would, in fact, result in a tax increase of 10% or more over the previous year, both the rollback and its intended steps toward equalization are mandatory.
In interpreting Amendment 59, the Arkansas Supreme Court has indicated that the purpose of the amendment was to proceed toward an equalization of assessments and millage rates with respect to real and personal property in a manner that would prevent taxing units from receiving more than a ten percent increase in tax collections at one time. See Crane v.Newark Sch. Dist. No. 33, 303 Ark. 650, 799 S.W.2d 536 (1990); Clark v.Union Pac. R.R., 294 Ark. 586, 745 S.W.2d 600 (1988). This step toward equalization is the result that must be achieved when a rollback is mandatory. If the rollback is not invoked, that step toward equalization is not achieved.
It necessarily follows that in instances where a mandatory rollback is not invoked, the tax increase that is implemented as a result of the reappraisal violates Amendment 59 both by creating inappropriate tax proportions (i.e., by failing to take the required step toward equalization) and by allowing taxing units to collect a tax increase of 10% or more.[3] Although I do not express an opinion on the issue of how a tax levy that is found to be inappropriate may, in itself, be corrected, I do opine that if a rollback should have been, but was not, applied after a particular reappraisal, the violation of Amendment 59 will be compounded by a continuing failure to apply the rollback. That is, even if tax monies are refunded to the taxpayers for the year in which the rollback should have been invoked, tax rates for later years will nevertheless continue to be out of proportion.[4] Applying the rollback later would return rates to their appropriate proportions. That is, it would restore the degree of equalization that the rollback was intended to achieve.
Presumably, the argument that would be adduced in favor of not applying the rollback in a subsequent year would be the fact that taxes had not increased 10% over the previous year, as literally required by Amendment 59. This argument is without foundation. First, a previous failure to comply with Amendment 59 cannot serve as a legitimate route around compliance. Otherwise, Amendment 59 would never be complied with, and would, in effect, be a nullity. As the Arkansas Supreme Court has pointed out, the law favors statutory interpretations that avoid opportunities to evade the act in question. Carter v. Bush, 283 Ark. 16, 677 S.W.2d 837
(1984). Second, the Arkansas Supreme Court has held that a literal interpretation of statutory (and constitutional) language is inappropriate where such an interpretation would defeat the spirit and purpose of the legislation. Henderson v. Russell, 267 Ark. 140,589 S.W.2d 565 (1979); Berry v. Gordon, 237 Ark. 547, 237 Ark. 865, 376 S.W.2d 279 (1964).
Both the spirit and the purpose of Amendment 59 and its implementing legislation would be defeated by an approach that created erroneous proportions through allowing a tax increase of 10% or more, and that would then allow the error to go uncorrected simply because the correction would necessarily take place in a subsequent year.
I therefore conclude that in instances that can trigger the rollback provision of Amendment 59, the rollback and its intended steps toward equalization are mandatory. I further conclude that if the rollback is not invoked in those mandatory instances, the failure is a violation of Amendment 59 that must be corrected by a subsequent application of the rollback provision.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] It should be noted that I have recently been presented with the question of whether it is permissible to impose taxes in the reappraised area that are calculated on the basis of the reappraisal, even though the entire countywide reappraisal has not been completed. In Opinion No.96-289, I concluded that the law is not clear as to whether taxation in this manner is permissible or not. I opined that because the law does not definitively address this question, it will have to be clarified either legislatively or judicially. I did note, however, that from all available indications, the issue of fairness will undoubtedly be central to any such process of clarification. For purposes of responding to your question, I will assume that taxation in this manner is permissible.
[2] A.C.A. § 26-26-401 states:
 The provisions of this subchapter relative to the adjustment or rollback of millage levied for ad valorem tax purposes shall be applicable only where there is a countywide or statewide reappraisal of property:
(1) Pursuant to court order; or
(2) Pursuant to directive of law enacted by the General Assembly; or
 (3) When the reappraisal is initiated by the assessor, the county equalization board, by directive of the quorum court or upon request of one (1) or more taxing units of a county, and is determined and certified by the Assessment Coordination Division of the Arkansas Public Service Commission as constituting a comprehensive county-wide reappraisal; or
 (4) When ordered by or implemented by a county pursuant to a directive of the division or its successor agency.
A.C.A. § 26-26-401.
[3] A determination of whether the rollback must be invoked in any particular situation is, in the first instance, a factual question. That is, a determination must be made that the reappraisal is one that can, under A.C.A. § 26-26-401, trigger the rollback provision, and that the taxes calculated on the basis of that reappraisal would, in fact, result in an increase of 10% or more over the previous year. Because I have not been presented with the information necessary to engage in such an analysis of the reappraisal that took place in Franklin County, I cannot express an opinion as to whether the rollback should have been invoked, nor as to whether the taxes that were levied on the reappraised property were inappropriate. Moreover, I do not express an opinion as to the manner in which the tax levy, if found to be inappropriate, should be corrected.
[4] Moreover, an application of the rollback provision to one part of the county when it had not be applied, as required, to the other part of the county could constitute a violation of Article 16, § 5 of the Arkansas Constitution, which provides that "[n]o one species of property for which a tax may be collected shall be taxed higher than another species of property of equal value. . . ." In addition, an application of the rollback provision to one part of the county when it had not be applied, as required, to the other part of the county could give rise to an argument that the constitutional principle of equal protection has been violated. See Op. Att'y Gen. No. 96-289.