Cite as 2023 Ark. App. 128

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CV-22-33

| | |
|---|---|
| COLVIN PROPERTIES, LLC<br>APPELLANT | Opinion Delivered March 8, 2023<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. 72CV-20-847] |
| V. | |
| PAUL COLVIN, JR., PERSONAL REPRESENTATIVE OF THE ESTATE OF PAUL COLVIN, SR., DECEASED<br>APPELLEE | HONORABLE BETH STOREY BRYAN, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Colvin Properties, LLC (Colvin Properties), appeals the Washington County Circuit Court order entered in favor of Paul Colvin, Sr. (Paul Sr.). During the pendency of this appeal, Paul Sr. died. His son and personal representative, Paul Colvin, Jr. (Paul Jr.), was substituted as the appellee. On appeal, Colvin Properties argues that the circuit court erred by (1) finding that Colvin Properties failed to establish that Paul Sr. failed to pay rent when due, (2) not awarding Colvin Properties damages for unpaid rent, and (3) not awarding Colvin Properties possession of the property. We affirm.

Colvin Properties is owned by Kay and Ken Colvin. Ken's brother was Paul Sr. On March 17, 2020, Colvin Properties filed an unlawful-detainer complaint against Paul Sr., alleging that it had a lease agreement with Paul Sr. concerning a house in Springdale and

that Paul Sr. had failed to pay rent pursuant to the agreement. It further stated that Paul Sr. refused to quit possession of the house upon its request and demand, and it asked the court for judgment against Paul Sr. for immediate possession of the property as well as damages and attorney's fees.

Colvin Properties attached a 2013 lease agreement between it and Paul Sr. The lease agreement included an option to purchase the property that provides,

> Tenant may only exercise this option during the Term of the Lease and if it is not in Default of the Lease. The option may be exercised by giving 30 (Thirty) days written notice to the Owner.
>
> . . . .
>
> The Purchase Price shall be One Hundred ($100) Dollars plus any and all amounts owed by Owner in conjunction with the property including, but not limited to, mortgages, liens, taxes, assessments or any other expenses associated with the Property.

The lease also contained a "No Waiver" clause that states,

> The failure of Owner or Tenant to seek redress for violation, or to insist upon the strict performance of any covenant or condition of this Lease, shall not prevent a subsequent act, which would have originally consisted a violation, from having all the force and effect of an original violation. The receipt by Owner of Rent with knowledge of the breach of any covenant of this Lease shall not be deemed a waiver of such breach. No provision of this Lease shall be deemed to have been waived by Owner or Tenant unless such waiver is in writing signed by Owner or Tenant, as the case may be.

Colvin Properties also attached a notice to quit and vacate dated February 2, 2020.

On August 25, 2020, Paul Sr. answered the complaint and filed counterclaims for breach of contract and unjust enrichment. He alleged that he had remained current on rental payments, made $35,000 in repairs on the house, and loaned $15,000 to Kay and Ken, which

2

they agreed to apply to the purchase price of the property. He further alleged that in December 2019, he attempted to exercise the option to purchase, but Colvin Properties refused to comply with the request. He asked the court to order Colvin Properties to sell the property to him and for attorney's fees.

The case proceeded to a bench trial on September 1, 2021. At trial, Colvin Properties introduced the lease agreement with Paul Sr. and Kay's 2020 handwritten payment ledger. Kay testified that Paul Sr. failed to make rental payments in December 2017 and in January, February, March, and April 2020. She also stated that he did not make two payments in 2018 and that he did not make some payment in 2019, but she did not remember which 2019 payments. She asked the court to award her $8,570 in unpaid rent and for a writ of possession.

On cross-examination, Kay testified that she provided Paul Sr. with written notice of his failure to pay rent in December 2017, but she allowed him to remain on the property for years after serving him notice. Kay acknowledged that Paul Sr. had requested to exercise his option to purchase the property in 2019, but she did not provide him with the payoff amount because he had already breached the lease. Kay further stated that Paul Sr. had loaned her $25,000 in 2008 and that she had repaid only $16,000 or $17,000. She testified that Paul Sr. had agreed to forgive the loan in exchange for a down payment on the house. She further estimated that Colvin Properties owed less than $40,000 on the mortgage. Following Kay's testimony, Colvin Properties rested its case.

Paul Sr. testified that he loaned Kay $25,000 and that she repaid him only $10,000. He explained that Ken then proposed that he purchase the property, which had been Kay's mother's house, and that they would apply the $15,000 to the purchase price. He stated that he paid the monthly rental payments in cash and that he occasionally paid over the monthly rental amount. He testified that he also made $35,000 in repairs to the home, which went toward kitchen appliances, flooring, and a new porch.

Paul Sr. testified that in late 2019, he asked Kay for the payoff amount so that he could purchase the property, but she did not provide him with the amount. He explained that she thereafter initiated the instant eviction proceeding. He further testified that Kay and Ken never informed him that he was behind on rent.

On cross-examination, Paul Sr. testified that he did not remember whether he was behind on rent. He stated that he kept receipts of his payments, but he did not bring the receipts to court.

Sue Colvin, Paul Sr.'s ex-wife, testified that she had the funds to help Paul Sr. purchase the property, and she noted that he needed the home because he is ill. She further stated that Kay called her in January 2020 and that she questioned Kay why she would not permit Paul Sr. to purchase the property. She testified that Kay told her that the property was worth "at least over a hundred thousand in value right then."

Paul Jr. testified that he wanted to help his father purchase the property and that he had the funds to help. He further testified that in late 2019, his father stated that he "was having difficulties paying—paying rent, paying payments, whatever the agreement happened

4

to be, paying for utilities and so on and that we had given him and loaned him, if you will, funding to take care of many of these things that had fears of." He explained that his father has stage IV lung cancer and that he did not want his father to worry about his living situation.

Following the hearing, on October 21, the circuit court entered an order denying Colvin Properties' prayer for eviction. The court found that Colvin Properties had "failed to credibly establish an occasion of failure to pay rent or how much was not paid nor how much he may have overpaid." The court further found that even if Colvin Properties had provided trustworthy evidence of rental payments, Arkansas law holds that compliance with the terms of a contract is not favored when the result would cause a purchaser to forfeit property, and it cited this court's decision in *Turley v. Staley*, 2009 Ark. App. 840, 372 S.W.3d 821. The circuit court additionally found that Paul Sr. attempted to exercise the option to purchase, and it ordered Colvin Properties to provide him with the mortgage-payoff documentation and to allow him to exercise the purchase option. This appeal followed.

Following a bench trial, an appellate court asks whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence and reviews questions of law de novo. *AgriFund, LLC v. Regions Bank*, 2020 Ark. 246, 602 S.W.3d 726; *Sutton v. Pickett*, 2021 Ark. App. 452, 638 S.W.3d 313. Disputed facts and determinations of witness credibility are within the province of the trier of fact. *AgriFund*, 2020 Ark. 246, 602 S.W.3d 726.

On appeal, Colvin Properties first argues that the circuit court erred by finding that it failed to establish that Paul Sr. did not pay rent when due and thus was in default. It argues that the uncontroverted testimony and documentary evidence shows that Paul Sr. failed to pay rent in 2017, 2018, 2019, and 2020. Colvin Properties relies on Kay's testimony and her 2020 handwritten ledger, and it further asserts that Paul Sr. offered no evidence of how and when he paid rent. Colvin Properties also points out that Paul Jr. testified that Paul Sr. was behind on payments and that in Paul Sr.'s posttrial briefing, he stated that "it may have occurred that [Paul Sr.] missed or was late making rent payments."

We find Colvin Properties' argument unpersuasive. The circuit court found Kay's testimony that Paul Sr. failed to pay rent when due not credible. Kay relied on a single handwritten ledger from 2020, and she provided no other documentary evidence showing that Paul Sr. failed to pay rent. Disputed facts and determinations of witness credibility are within the province of the trier of fact. *AgriFund*, 2020 Ark. 246, 602 S.W.3d 726. Further, it is fundamental that the burden of proof rests with the party who makes the allegation. *Hubbard v. Univ. of Ark. Med. Scis.*, 272 Ark. 500, 503, 616 S.W.2d 10, 12 (1981) (citing *White v. Williams*, 192 Ark. 41, 89 S.W.2d 927 (1936)).

As to Paul Jr.'s testimony, Paul Jr. merely stated that Paul Sr. had difficulties making rental payments, and in the posttrial briefings, Paul Sr. offered an alternative basis for the court to deny the unlawful-detainer complaint if the court found Kay credible. Paul Sr. did not concede that he failed to pay rent when due. Given these circumstances, we find no reversible error on this point.

Colvin Properties next argues that the circuit court erred by not awarding it damages for unpaid rent. It claims the evidence shows that Paul Sr. was $8570 in arrears and that Paul Sr. presented no evidence to refute that figure. Again, the circuit court found Kay's testimony that Paul Sr. failed to pay rent not credible, and we affirm on this point.

Colvin Properties' final argument is that the circuit court erred by not awarding it possession of the property. It relies on its previous argument that the evidence shows that Paul Sr. failed to pay rent when due, and it distinguishes this case from *Turley*, 2009 Ark. App. 840, 372 S.W.3d 821, which the circuit court cited in its order. In *Turley*, which involved a sale-of-land contract, this court found that the acceptance of late payments effected a waiver that remained in place until the seller notified the buyer otherwise, despite the existence of a nonwaiver clause in the contract. However, the circuit court cited *Turley* as an alternative theory for relief. Because we affirm the circuit court's credibility finding that Colvin Properties failed to establish that Paul Sr. did not pay rent when due, we need not address *Turley*. Accordingly, we affirm the circuit court's order.

Affirmed.

GRUBER and BARRETT, JJ., agree.

*Putman Law Office*, by: *William B. Putman*, for appellant.

*Harrington, Miller, Kieklak, Eichmann & Brown, P.A.*, by: *Morgan S. Doughty* and *Thomas N. Kieklak*, for appellee.